PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL TASCARELLA,                    )
                                      )    CASE NO.  4:26CV0024
            Plaintiff,                )
                                      )
      v.                              )    JUDGE BENITA Y. PEARSON
                                      )
APTIV US GENERAL SERVICES             )
PARTNERSHIP, *et al.*,                )    **MEMORANDUM OF OPINION**
                                      )    **AND ORDER**
            Defendants.               )    [Resolving ECF No. 42]

Pending is Plaintiff's Motion for Injunction Pending Appeal (ECF No. 42).  The Court

has been advised, having reviewed the record, the parties' briefs,[1] and the applicable law.  For the

reasons that follow, the Court denies the motion.

**I.**

The Court previously denied Plaintiff's Motion for Preliminary Injunction (ECF No. 1-1

at PageID #: 122-25).  *See* Non-document Minutes of Proceedings dated January 28, 2026;

Transcript of Motion Hearing (ECF No. 45).  On February 4, 2026, the Court entered a

Memorandum of Opinion and Order (ECF No. 39) further explaining its reasons for denying a

preliminary injunction.  The Court found that Plaintiff failed to establish any of the four

---

[1] Aptiv US Services General Partnership ("Aptiv") is now the only Defendant. On February 3, 2026, the Court granted the Joint Motion to Dismiss Defendants Sedgewick Claims Management Services, Inc. and MetLife as Parties. *See* Marginal Order (ECF No. 38).

Plaintiff did not file a permissive reply in support of ECF No. 42 after Aptiv responded. *See* Local Rule 7.1(e).

(4:26CV0024)

preliminary injunction factors by clear and convincing evidence.  The next day, Plaintiff filed a

Notice of Appeal (ECF No. 41) from ECF No. 39.  *See Tascarella v. Aptiv US Gen. Svcs. P'ship,*

*No. 26-3101 (6th Cir.).*  On February 11, 2026, Plaintiff filed in the Sixth Circuit a Motion for

Injunction Pending Appeal pursuant to Fed. R. App. P. 8(a)(2).

The within motion presents the issue of whether the circumstances in the case at bar merit

Plaintiff's open-ended continued employment at Aptiv and entitlement to medical insurance and

disability benefits while the within appeal is pending.  It essentially relitigates the parties'

original arguments and claims that Plaintiff is entitled to an injunction while the appeal of that

denial is pending.

**II.**

The Federal Rules of Civil Procedure give district courts the power to grant an injunction

pending appeal.  Rule 62(d) provides, in relevant part:  "While an appeal is pending from an

interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or

refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an

injunction on terms for bond or other terms that secure the opposing party's rights."  The court

must consider the same factors that are traditionally considered when determining whether to

grant a preliminary injunction.  *Ramsek v. Beshear*, No. 3:20-cv-00036-GFVT, 2020 WL

9600816 at *1 (E.D. Ky. Aug. 6, 2020) (citing *Mich. Coal. of Radioactive Material Users, Inc. v.*

*Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  These factors are:  "(1) whether the applicant is

likely to succeed on the merits of the appeal; (2) whether the applicant will be irreparably harmed

absent the injunction; (3) whether the injunction will injure the other parties; and (4) whether the

(4:26CV0024)

public interest favors an injunction." *Monclova Christian Acad. v. Toledo-Lucas Cnty. Health Dep't*, 984 F.3d 477, 479 (6th Cir. 2020)).

The standard for an injunction pending appeal requires the Court to re-engage with the analysis that it recently undertook when denying Plaintiff's request for a preliminary injunction. Notwithstanding the factors generally being considered the same for both a preliminary injunction and injunction pending appeal, "the balancing process is not identical due to the different procedural posture in which each judicial determination arises." *D.A.B.E., Inc. v. City of Toledo*, No. 3:03CV7637, 2004 WL 287415, at *1 (N.D. Ohio Jan. 30, 2004) (quoting *Griepentrog*, 945 F.2d at 153).  While the movant need not always establish a high probability of success on the merits, he must still demonstrate that the probability of success on the merits "is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the [injunction]." *Id.* (brackets in original) (quoting *Griepentrog*, 945 F.2d at 153).  Accordingly, "*even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if [an injunction] is granted, he is still required to show, at a minimum, serious questions going to the merits*." *Id.* (emphasis in original; brackets added; internal quotation marks omitted) (quoting *Griepentrog*, 945 F.2d at 153-54).

Here, Plaintiff reincorporates the arguments set forth in prior briefing but also makes clear that he disagrees with the Court's reasoning in its Memorandum of Opinion and Order (ECF No. 39) denying a preliminary injunction.  Plaintiff takes issue with the Court's findings that he is unlikely to be successful on the merits, that there is no irreparable harm, and the public interest factor weighs against injunctive relief.  *See* ECF No. 42 at PageID #: 851; 853; 854.

(4:26CV0024)

Plaintiff also contends that APTIV will not be harmed by the granting of an injunction.  *See* ECF No. 42 at PageID #: 854.  Despite these arguments, there has not been any intervening change in law or fact that would alter the outcome of the Court's position.

The Court issued a decision finding that Plaintiff did not demonstrate a likelihood of success on the merits sufficient to entitle him to a preliminary injunction.  *See* ECF No. 39 at PageID #: 814-17.  Specifically, the Court found that, based on the record, Plaintiff will likely not succeed in proving unlawful termination.  *See* ECF No. 39 at PageID #: 814; 816-17. Plaintiff has not raised any additional arguments or new evidence in the within motion for the Court to conclude that his appeal is likely to succeed on the merits.  *See EOG Resources, Inc. v. Lucky Land Mgt., LLC*, No. 2:23-cv-4232, 2024 WL 2745072, at *3 (S.D. Ohio May 29, 2024) (in ruling on a motion to stay a preliminary injunction, "[t]he Court first considers the likelihood that [appellant] will prevail on the merits of the appeal, and thus evaluates whether [appellant] can show that this Court 'abused its discretion in granting the preliminary injunction.' ") (quoting *U.S. Student Ass'n Found. v. Land*, 546 F.3d 373, 380 (6th Cir. 2008)); *D.A.B.E., Inc.*, 2004 WL 287415, at *2 ("Plaintiffs have also failed to point to any factual mistakes in the court's order. The standard of review on appeal of this court's order will be the abuse of discretion standard. Nothing in plaintiffs' motion or reply convinces me that I misapplied the law to the facts, much less abused my discretion.").  Moreover, the Court agrees with Aptiv that Plaintiff's citation to cases involving contract principles and his citation to decisions from non-controlling courts does not demonstrate that he is likely to prevail on the merits of his appeal to the Sixth Circuit.  *See* ECF No. 46 at PageID #: 936-37; *Andrade v. US Bank Nat'l Ass'n*, No. 13-00255 LEK-KSC,

4

(4:26CV0024)

2013 WL 5797591, at *2 (D. Hawaii Oct. 28, 2013) ("a decision by a California state court is not controlling law for a federal district court in Hawaii").

The Court also explained in detail the reasons why it did not believe Plaintiff would suffer irreparable harm if his employment and its correspondent health benefits were not reinstated because the benefits Plaintiff claims are at risk if he is terminated (short-term disability, long-term disability, and the cost of health care coverage) are monetary in nature.[2] *See* ECF No. 39 at PageID #: 817-19.  Aptiv points out in its opposition to the within motion that Plaintiff is not just eligible for insurance coverage under Medicare Parts A and B, he is actually already enrolled in medical insurance coverage through both Medicare Parts A and B, and he has been enrolled for some time now.  *See* ECF No. 46 at PageID #: 932.

Regarding whether the injunction pending appeal will injure the other parties, the Court adheres to its prior finding that "[g]ranting injunctive relief under these circumstances—absent a showing of Aptiv's *specific intent* to avoid ERISA liability—would mean that 'every employee discharged by a company with an ERISA plan would have a claim under § 510.' "

---

[2]  The Court made its finding, having acknowledged that the loss of medical benefits may be *per se* irreparable harm "where the plaintiff alleges a critical need for healthcare." *Farnham v. Campari America, LLC*, No. 25-CV-275, 2025 WL 2423328, at *2 (E.D. Ky. Aug. 21, 2025) (quoting *Hayden v. Berryhill*, No. 16-178, 2017 WL 743749, at *3 (E.D. Ky. Feb. 24, 2017)).  As the Sixth Circuit noted, there are "a number of cases where the District Court for the District of Columbia found irreparable injury where the plaintiff additionally alleges a critical need for healthcare, as opposed to mere financial hardship." *Izquierdo v. Wipro Ltd.*, No. 25-3931, slip op. at 5 (6th Cir. Dec. 17, 2025) (order)(quoting *Carabillo v.ULLICO Ind. Pension Plan & Tr.*, 355 F. Supp.2d 49, 54 (D.D.C. 2004)) (collecting cases)) (cleaned up).  *See* ECF No. 39 at PageID #: 817.

(4:26CV0024)

ECF No. 39 at PageID #: 819 (emphasis in original) (quoting *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1113 (6th Cir. 2001)).

Finally, Plaintiff has not provided any basis for the Court to reverse course on the fourth factor, *i.e.*, whether the public interest favors an injunction.  He does nothing in the within motion to challenge the Court's finding that "there are also reasons justifying employer decisions—however difficult or emotionally fraught they may be—to terminate an employee unable to perform the duties for which they were hired."  ECF No. 39 at PageID #: 819. Moreover, Ohio courts acknowledge a strong presumption of at-will employment, unless the terms of the contract clearly indicate otherwise.  *Henkel v. Educ. Research Council of Am.*, 45 Ohio St.2d 249, 255 (1976).

In summary, the Court still finds that Plaintiff has failed to meet the preliminary injunction factors.  Therefore, the Court finds no reason to essentially reverse its previous disposition in denying a preliminary injunction.

## III.

Because Plaintiff has failed to show why the Court should depart from its decision that the circumstances in the case at bar do not demand injunctive relief, Plaintiff's Motion for Injunction Pending Appeal (ECF No. 42) is denied.

IT IS SO ORDERED.

March 2, 2026                          */s/ Benita Y. Pearson*
Date                                   Benita Y. Pearson
                                       United States District Judge